UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 2:25-cr-00035-JAW |
| | ) | |
| ODANIS BREA MEJIA | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED
MOTION FOR DOWNWARD DEPARTURE**

Defendant Odanis Brea Mejia, by counsel, hereby submits his Sentencing Memorandum and respectfully moves for a downward departure from the advisory guidelines sentence.

### Introduction

Mr. Brea Mejia pleaded guilty to the single charge of Illegal Re-Entry of an Alien after Prior Deportation in violation of 18 U.S.C. § 1326(b)(2). He has accepted responsibility for his actions. See the Revised Presentence Investigation Report ("PSR") (Doc. 24) at ¶¶ 22-23. In addition, by abiding by all terms of the Plea Agreement (Doc. S-3471273), including his agreement to "Fast Track" this case, Mr. Brea Mejia has satisfied the eligibility requirements of the U.S. Attorney's Office "Early Disposition Program," which resulted in the government's Motion for Downward Departure (Doc. 29). After adjustments for acceptance of responsibility and the government's § 5K3.1 motion (seeking a 2-level departure), the advisory guidelines sentence range is 12-18 months. For the reasons set forth below, Mr. Brea Mejia respectfully requests a sentence of 6 months, with credit for time served.

### Revised PSR and Government's USSG § 5K3.1 Motion

Mr. Brea Mejia did not object to any aspect of the original PSR. See Doc. 22 (PSR) and Doc. 23 (Defendant's Objections to PSR). The Revised PSR made the following guidelines calculations:

| | | |
|---|---|---|
| Base Offense Level: | 8 | Revised PSR ¶ 15 |
| Enhancement: | +8 | Revised PSR ¶ 16 |
| Adjusted Offense Level | 16 | Revised PSR ¶ 20 |
| Acceptance | -3 | Revised PSR ¶¶ 22-23 |
| Adjusted Offense Level | 13 | Revised PSR ¶ 24 |
| <u>Criminal History</u> | III | <u>Revised PSR ¶ 33</u> |
| Recommended Sentence | 18-24 months | |

On May 29, 2025, the U.S. Attorney's Office filed its Motion for Downward Departure pursuant to USSG § 5K3.1, which sought a 2-level downward departure. The net result of the Revised PSR calculations and the Government's USSG § 5K31 further reduce the Total Offense Level to Level 11, and when applied to Mr. Brea Mejia's criminal history, the recommended sentence range is 12-18 months.

**Plea Agreement**

The Court will recall that the terms of the Plea Agreement (Doc. S-3471273) required Mr. Brea to agree to (1) plead guilty to the offense; (B) waive his right to file motions under Fed. R. Crim. P. 12(b)(3); (C) waive his right to argue for a variance under 18 U.S.C. § 3553(a); and (D) waive his right of appeal of the conviction and sentence. He has abided by all such terms.

**Motion for Downward Departure**

Mr. Brea Mejia is not moving for a *variance* under 18 U.S.C. § 3553(a). To the contrary, he respectfully moves the Court to *depart* downward pursuant to USSG § 2L1.2, which is applicable to Unlawful Entry or Re-Entry cases such as this.

### A.    Mr. Brea Mejia is Already Subject to a Serious Guidelines Enhancement and will be Facing an ICE Enforcement Action

Application Note 6 to USSG §2L1.2 provides that it may be appropriate for a Court to depart downward in cases involving a sentencing enhancement for prior criminal conduct in which the offense level "substantially overstates the seriousness of the conduct underlying the prior offense." USSG § 2L1.2, comment [n.6].

The base offense level for illegal re-entry cases is Offense Level 8. A defendant who pleads guilty to illegal re-entry and accepts responsibility faces a sentence of 0-6 months (Category I) to 12-18 months (Category VI). Mr. Brea Mejia's criminal history category is Level III, which means, but for the 8-point enhancement due to his prior conviction, he would have been exposed to a guidelines sentence range of 2-8 months. The 8-point enhancement escalates his offense level to 16, which carries a recommended guidelines sentence of 27-33 months before the credit for accepting responsibility.

Mr. Brea Mejia will almost certainly face deportation. He is prepared to face these consequences through an enforcement action initiated by the Department of Homeland Security. A time served sentence will not result in his "release," as much as resulting in a "transfer" of his custody.

### B.    Mr. Brea Mejia's Cultural Ties to the United States

3

Application Note 8 to USSG § 2L1.2 provides that a downward departure based on cultural assimilation in an illegal reentry case may be appropriate where, as here: (A) a defendant formed cultural ties to the United States from having continuously resided in the U.S. from childhood, (B) the reentry was motivated by those cultural ties, and (C) a departure is unlikely to increase the risk of further crimes of the defendant. USSG § 2L1.2, comment [n.8]. The application note provides a nonexclusive list of seven factors[1] that the court should consider in determining whether a departure is warranted.

Mr. Brea Mejia was born in the Dominican Republic. Revised PSR at ¶ 41. He has been in the United States since 1993, when he was 22 years of age. Id. ¶ 44. He has lived in Greater Boston for the vast majority of that time, during which he held jobs and supported his family. *Id*. His siter and two children live in Massachusetts. *Id*. He has extended family and friends in Maine and Massachusetts. Mr. Brea Mejia clearly has cultural and familial ties to the United States. His reentry to the United States was motivated by those ties, and, given the serious consequences of his criminal activity, a departure is unlikely to increase the risk of further crimes.

---

[1] USSG§ 2L1.2, comment [n.8] provides: "In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the U.S., (2) whether and for how long the defendant attended school in the U.S., (3) the duration of the defendant's continued residence in the U.S., (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the U.S., and the nature and extent of such ties outside the U.S., (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the U.S..

Mr. Brea Mejia respectfully urges the Court to depart downward by an additional three levels, that is, from an adjusted Offense Level 11 to Total Offense Level 8, which would result in a guidelines sentence of 6-12 months, and to impose a sentence at the low-end of that range. Such a sentence is fair and appropriate under the circumstances.

Mr. Brea Mejia has been in federal custody since January 10, 2025, or just over five months. See Revised PSR at ¶ 5. A sentence of 6 months, coupled with adjustments for the "good time" he has served while under federal detention, should result in an effective "time served" sentence, or one which is very close to a "time served" sentence.

Dated:  June 19, 2025

Respectfully Submitted,

Odanis Brea Mejia, by counsel

*/s/ James A. Clifford*
James A. Clifford
james@cliffordclifford.com
Clifford & Clifford, LLC
10 Moulton St., 5th Floor
Portland, ME 04101
(207) 613-9465

### CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, I electronically filed the *Defendant's Sentencing Memorandum and Incorporated Motion for Downward Departure* with the Clerk using the CM/ECF system which will send notifications of such filing to all parties and counsel of record.

*/s/ James A. Clifford*
James A. Clifford